IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRUSTEES OF THE SUBURBAN TEAMSTERS )
OF NORTHERN ILLINOIS PENSION FUND )
AND WELFARE FUNDS, )
)
Plaintiffs, )
) FILED: APRIL 22, 2008
) No. 08CV2280      TG
v. )
) Judge JUDGE ANDERSEN
) MAGISTRATE JUDGE DENLOW
)
MCDONALD TRANSPORT CORP. )
an Illinois corporation not in good standing, and )
PATRICK MCDONALD, Individually )
)
Defendants. )

## COMPLAINT

Plaintiffs, TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS ("Funds"), by their attorneys, John J. Toomey, of Arnold and Kadjan, complain against Defendants, MCDONALD TRANSPORT CORP., an Illinois corporation not in good standing and PATRICK MCDONALD, Individually, as follows:

### COUNT I

### JURISDICTION AND VENUE

1. (a) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended.

   (b) Venue is founded pursuant to 29 U.S.C. Section 1132(e) (2) in this district, where the Fund as described in Paragraph 2, is administered.

## **PARTIES**

2. (a) Plaintiffs are the TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS ("Funds") and have standing to sue pursuant to 29 U.S.C. 1132(a)(3).

(b) The SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS have been established pursuant to a collective bargaining agreement previously entered into between the International Brotherhood of Teamsters and its affiliated locals ("the Union") and Employers;

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws, and also pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds.

3. (a) MCDONALD TRANSPORT CORP., an Illinois corporation not in good standing, employs persons represented by the Union and is bound to make contributions for weeks worked by all employees and upon subcontractors who perform work which would otherwise be performed by employees.

(b) MCDONALD TRANSPORT CORP., is an Illinois corporation not in good standing, with its principal place of business at Plainfield, Illinois.

(c) MCDONALD TRANSPORT CORP., an Illinois corporation not in good standing, is an employer engaged in an industry affecting commerce.

4. MCDONALD TRANSPORT CORP., an Illinois corporation not in good standing, entered into an Area Construction Agreements with Teamsters Local 179 which require contributions to the Funds for periods including June 1, 2003 through May 31, 2006 and June 1, 2006 through May 31, 2009 pursuant to 29 U.S.C. 1145.

5. Pursuant to the terms of the contract and the trust agreements establishing the Funds, Employer is required to make its books and records available to the Funds for audit.

6. The Funds have attempted to obtain the books and records of the Defendant for an audit for the period September, 2006 through March, 2008. The Funds' auditor has written and repeatedly telephoned the company and received no response.

7. Without an order directing an audit be performed and delinquencies paid thereunder, Plaintiffs are unable to fulfill their fiduciary duties under the Plan.

8. The amount presently due cannot be ascertained without an audit.

WHEREFORE, Plaintiffs pray:

A. That the Court order an audit of Defendant's books and records for the period September, 2006 through the present to determine the actual amounts due and owing.

B. That judgment be entered against the corporation and in favor of the Plaintiffs in the amount shown to be due under the audit.

C. That the Plaintiffs be awarded all relief provided for under 29 U.S.C. 1132(g)(2) including interest, 20% liquidated damages, costs and attorneys' fees.

    D.    That the Court enjoin the corporation from operation without making the Fund whole for its past delinquencies, and the grant of security for its current contributions.

    E.    Such other relief as the Court may deem appropriate.

## COUNT II

1.    Plaintiff restates and realleges Paragraphs 1-4 of Count I as Paragraphs 1-4 of Count II as if fully set forth herein.

5.    Pursuant to the collective bargaining agreement between MCDONALD TRANSPORT CORP., an Illinois corporation not in good standing, and the Union, MCDONALD TRANSPORT CORP., has failed and continues to fail to make its obligated contributions to the Fund for the period May, 2004 through August, 2006, as disclosed in an audit which took place on January 13, 2007.

6.    The audit disclosed $941.68 due the Pension Fund and $5,365.01 due the Welfare Fund for a total of $6,306.69.

7.    On October 3, 2007 the corporation entered into an installment note (attached as Exhibit B) with the Suburban Teamsters of Northern Illinois Pension Fund for the May, 2004 through August, 2006 contributions in the principal amount of $6,306.69 with a balance remaining of $1,739.77 for the payment of delinquent benefit contributions (Exhibit C).

8.    The note acknowledges on its face that it is a written agreement and constitutes an instrument in writing upon which contributions are due pursuant to 29 U.S.C. 1145.

WHEREFORE, Plaintiff, prays for judgment against the Defendant, MCDONALD TRANSPORT CORP., an Illinois corporation not in good standing, as follows:

A.  The Court enter judgment in favor of the Plaintiff Fund and against MCDONALD TRANSPORT CORP., an Illinois corporation not in good standing, in the amount of $1,739.77 the accelerated outstanding balance due on the Pension installment note (Exhibits B).

B.  The Court grant the Fund all relief permitted under 29 U.S.C. 1132(g)(2) including liquidated damages, interest and reasonable attorneys fees.

C.  The Court, pursuant to the terms of the notes, grant the Fund the principal amounts of the pension note plus interest and all reasonable costs of collection, including reasonable attorneys fees.

D.  The Court grant the Plaintiff Fund injunctive relief to prevent disbursement of assets or payment of other creditors prior to payment of current delinquent and note payments.

## COUNT III

## PATRICK MCDONALD

1.  This Count arises from a common nucleus of operative fact with Count II and is pendent thereto. This Court has supplemental jurisdiction pursuant to 28 U.S.C. 1367

2-4.  Plaintiff restates and realleges Paragraphs 1-4 of Count II as Paragraphs 2-4 of Count III as if fully set forth herein.

5. PATRICK MCDONALD signed the Pension promissory note individually in his personal capacity, as an additional maker on the notes (Exhibit B). PATRICK MCDONALD is an adult, suffers from no mental infirmities and is literate.

6. The Defendant corporation lacks the present ability to pay its fringe benefit debt and demand has been made for payment.

7. The remaining balance due the Pension Fund on the note is $1,739.77 plus interest and attorneys fees and cost of collection as provided in the terms of the note.

8. PATRICK MCDONALD, Individually as co-maker and guarantor on the notes is personally liable for the debt

WHEREFORE, Plaintiff prays for judgment against PATRICK MCDONALD, Individually as follows:

A. The Court enter judgment in favor of the Plaintiff Fund and against PATRICK MCDONALD, in the amount of $1,739.77 the accelerated outstanding balances due on the Pension installment note (Exhibit B).

B. That the Court pursuant to the terms of the promissory notes grant the Plaintiff Fund the principal amount of the note plus interest and all reasonable costs of collection including reasonable attorneys fees.

C. That the Court grant such other relief as is appropriate under the circumstances

                                        TRUSTEES OF THE SUBURBAN
                                        TEAMSTERS OF NORTHERN
                                        ILLINOIS WELFARE AND PENSION
                                        FUNDS, Plaintiffs

                                        By: _____
                                              One of Its Attorneys

John J. Toomey
ARNOLD AND KADJAN
19 West Jackson Boulevard
Chicago, Illinois  60604
(312) 236-0415

# EXHIBIT A

McDonald Transport Corp.

# TEAMSTERS LOCAL 179

An Affiliate of the
INTERNATIONAL BROTHERHOOD OF TEAMSTERS

# OWNER OPERATOR / AREA CONSTRUCTION AGREEMENT



**JUNE 1, 2006 THROUGH MAY 31, 2009**



Patrick McDonald
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

Received
JUN 28 2004
Pension

## ADDENDUM 1.
### Uniform Drug/Alcohol Abuse Policies

The Union recognizes that the Employers of Teamsters are required to meet the regulations established by more than one governmental agency.

It is agreed that Employers adopting the "Uniform Drug/Alcohol Abuse Program" required by State and Federal Drug Free Workplace Acts, or other policies required to meet the regulations established by the Federal Department of Transportation or the Illinois Department of Transportation, shall not be in conflict with the Area Construction Agreement, Joint Council No. 25.

It is further understood that policies adopted by Employers that are in excess of governmental regulations shall be subject to the Grievance Procedure established in Article 6 of this Agreement.

PARTY OF THE FIRST PART: Contractors Assn. W.G.C.
_____
Company

By: _Laura B Gray_

By: _____

PARTY OF THE SECOND PART: Teamsters Local 179
_____
Union

By: _[signature]_

By: _____

43

---

## FOR NON-ASSOCIATION EMPLOYERS
### FOR TEAMSTERS LOCAL 179

BY: _[signature]_

TITLE: President

DATE: 5-7-04

### FOR THE COMPANY

COMPANY: McDONALD TRANSPORT CO.

ADDRESS: 904 CASSIE DR.

City: Joliet   State: Ill.   Zip: 60435

PHONE: 815-545-4643

FAX: _____

BY: _Patrick McDonald_

TITLE: Owner

DATE: 5/7/04

42

Received
JUN 28 2004
Pension Fund Office

# EXHIBIT B

## SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS FRINGE BENEFITS

### McDonald Transport, Corp.  Installment Note : Pension Fund
### March 30, 2007

For value received, the undersigned promises to pay to the order of Suburban Teamsters of Northern Illinois **Pension** Fund the principal total of $ 941.68 ( **Nine Hundred Forty One and 68/100** dollars.)

The maker of this Note acknowledges that the above indebtedness represents fringe benefit contributions and other costs and charges due and owing pursuant to applicable provisions of the Employee Retirement Income and Security Act 29 U.S.C. 1145. For contributions due for the period May, 2004 through December, 2006.

The Employer shall make a **down payment** of **$ 235.42** on March 30, 2007, leaving a principal **balance** of **$ 706.26**. That balance is to be paid with 10% annual interest in **12** equal and consecutive monthly **installments of $ 62.09** beginning on April 30, 2007. Payments should be sent to:

> Suburban Teamsters of Northern Illinois
> 1275 W. Roosevelt Rd. Unit 121
> West Chicago, IL 60185

Or such other place as may be directed by the legal holder of this Note.

**The Employer is to remain current in regular monthly contributions.** Failure to do so will be considered a default, causing the remaining unpaid Note balance to become immediately due and payable.

The undersigned hereby irrevocably authorizes any attorney of any court of record to appear for the undersigned in such court, in term time or vacation, at any time after default in the payment of any installment of the principal hereof, and confess judgment without process in favor of the payee or holder of this Note for the unpaid amount, together with costs of collection including reasonable attorney's fees, and to waive and release all errors which may intervene in such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof.

All parties hereto severally waive presentment for payment, notice of dishonor and protest.

By: _/s/ Patrick McDonald_    Date: 3-31-07
Patrick McDonald, President
McDonald Transport, Corp.

_/s/ Patrick McDonald_    Date: 3-31-07
Patrick McDonald, Individually

# EXHIBIT C

## McDonald Transport, Inc.

Er #   4449

### WELFARE FUND

PRINCIPAL TOTAL:  $ (5,365.01)

DOWN PYMT:  $1,341.23      Date: 2007 Mar 30

Ck #: 1426

PRINC BALANCE:  ($4,023.78)

NMBR PYMNTS:  12

MNTHLY PYMT:  **$353.75**  /month

| | | PAY THIS... | ...OR THIS | AFTER REGULAR PAYMENT | | | Payments | Made |
|---|---|---|---|---|---|---|---|---|
| | Date DUE | NOTE BALANCE | WELF PYMNT | PRINC PD | CURRENT PRINC BAL | | Date | Check # |
| 1 | 04/30/07 | 4,057.31 | 353.75 | 320.22 | 3,703.56 | 1 | 5/28/07 | 1449 |
| 2 | 05/30/07 | 3,734.42 | 353.75 | 322.89 | 3,380.67 | 2 | 6/25/07 | 1467 |
| 3 | 06/30/07 | 3,408.84 | 353.75 | 325.58 | 3,055.08 | 3 | 7/16/07 | 1475 |
| 4 | 07/30/07 | 3,080.54 | 353.75 | 328.30 | 2,726.79 | 4 | 8/20/07 | 1490 |
| 5 | 08/30/07 | 2,749.51 | 353.75 | 331.03 | 2,395.76 | 5 | 9/21/07 | 1504 |
| 6 | 09/30/07 | 2,415.72 | 353.75 | 333.79 | 2,061.97 | 6 | 10/25/07 | 1527 |
| 7 | 10/30/07 | 2,079.15 | 353.75 | 336.57 | 1,725.40 | 7 | 12/5/07 | 1542 |
| 8 | 11/30/07 | 1,739.77 | 353.75 | 339.38 | 1,386.02 | 8 | 12/28/07 | 1567 |
| 9 | 12/30/07 | 1,397.57 | 353.75 | 342.20 | 1,043.82 | 9 | | |
| 10 | 01/30/08 | 1,052.51 | 353.75 | 345.06 | 698.76 | 10 | | |
| 11 | 02/28/08 | 704.58 | 353.75 | 347.93 | 350.83 | 11 | | |
| 12 | 03/30/08 | 353.75 | 353.75 | 350.83 | 0.00 | 12 | | |